BENTON J. CAMPBELL
UNITED STATES ATTORNEY

WILLIAM YOUNG (WY9160)
Special Assistant United States Attorney
271 Cadman Plaza East, 8th Floor
Brooklyn, NY 11201
Telephone: (718) 254-6057

ARLENE P. MESSINGER
Assistant General Counsel for SBIC Enforcement
U.S. Small Business Administration
409 Third Street S.W., Seventh Floor
Washington, D.C. 20416
Telephone: (202) 205-6857
Facsimile: (202) 205-7154

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/21/08

ORIGINAL

08 CIV 7287

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action |
| | ) No. |
| AVALON EQUITY FUND, L.P. | ) |
| Defendant. | ) |

A. *CONSENT ORDER*

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a permanent injunction, and the appointment of the SBA as Permanent Receiver for Avalon Equity Fund, LP ("Avalon"). The Court, being fully advised as to the merits, and based upon the consent of the parties, believes this relief should be granted:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.   Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive

jurisdiction of Avalon, and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of Avalon to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of Avalon's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partners, managers, officers, and directors of Avalon under applicable state and federal law and by the Certificate of Limited Partnership and Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partners, managers, directors, officers, employees and agents of Avalon are hereby dismissed. Such persons shall have no authority with respect to Avalon's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Avalon and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of Avalon, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. Avalon shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Avalon as well as the names, addresses and amounts of claims of all known creditors of Avalon. All persons having control, custody or possession of any assets or property of Avalon, including its former General Partners are hereby directed to turn such property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, managers, general partners, employees, limited partners, creditors, debtors and agents of Avalon. All persons and entities owing any obligations or debts to Avalon shall, until

further order of this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if Avalon had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Avalon, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6. Avalon's past and/or present officers, directors, agents, managers, general partners, limited partners, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Avalon. In the

event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of Avalon or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Avalon, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving Avalon or any assets of Avalon, involving Avalon or its present or past officers, directors, managers, or general partners or the Receiver, sued for, or in connection with, any action taken by Avalon's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of Avalon, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving Avalon or any of its assets or any action of any nature taken by Avalon's present or past officers, directors, managers, or general partners sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further

Order of this Court.

9. Avalon and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of Avalon to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

10. The Receiver is authorized to borrow on behalf of Avalon, from the SBA, up to $1,000,000, and is authorized to cause Avalon to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Avalon, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of partners of Avalon.

11. This Court determines and adjudicates that Avalon has violated the SBIA and the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in

accordance with this Order, the Receiver may submit a report to this Court recommending that Avalon's license as an SBIC be revoked.

Respectfully submitted,

**Avalon Equity Fund, L.P.**
**A Delaware limited partnership**

By:   Avalon Equity Partners LLC
       A Delaware limited liability company
Its:    General Partner

By _____
Name: David W. Unger
Title:   Manager


UNITED STATES of AMERICA
Benton J. Campbell
United States Attorney

By: _____
William Young (WWY9160)
Assistant United States Attorney
271 Cadman Plaza East
8th Floor
Brooklyn, NY 11201


U.S. SMALL BUSINESS ADMINISTRATION

By: _____
Arlene Messinger
Assistant General Counsel for SBIC Enforcement
409 3rd St S.W.
Washington, D.C 20416
2202-205-6857

-6-

SO ORDERED this 21st day of August, 2008.

_____
UNITED STATES DISTRICT JUDGE

AUG-18-2006 09:44   US SMALL BUS ADMIN NYDO   212 264 7751   P.001

JUDGE LEISURE

08 CIV 7287

BENTON J. CAMPBELL
UNITED STATES ATTORNEY

WILLIAM YOUNG (WY9160)
Special Assistant United States Attorney
271 Cadman Plaza East, 8th Floor
Brooklyn, NY 11201
Telephone: (718) 254-6057



ARLENE P. MESSINGER (APM 1280)
Assistant General Counsel for SBIC Enforcement
Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
Telephone: (202) 205-6857
Facsimile: (202) 205-7154

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | ) Civ. Action No. |
| AVALON EQUITY FUND, L.P., | )<br>)<br>) |
| Defendant | )<br>) |

COMPLAINT FOR RECEIVERSHIP, INJUNCTIVE RELIEF
AND MONEY JUDGMENT

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

PARTIES, JURISDICTION AND VENUE

1.  This is a civil action brought by the United States of America on behalf of

its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C., 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant, Avalon Equity Fund, L.P., (hereinafter "Avalon" or "licensee") is a Delaware limited partnership that was licensed by SBA as a Small Business Investment Company on November 20, 2000, SBA license number 02/72-0601 and maintains its principal office and/or principal place of business at 800 Third Avenue, New York, New York 10022. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATUTORY AND REGULATORY FRAMEWORK

4. The purpose of the Small Business Investment Act (hereinafter the "Act") is to improve and stimulate the national economy, and small business in particular, by stimulating and supplementing the flow of private equity capital and long-term loan funds which small businesses need for sound financing of their operations and growth. 15 U.S.C. § 661.

5. Congress authorized the SBA to carry out the provisions of the Act and to prescribe regulations governing the operations of Small Business Investment Companies (hereinafter "SBIC") 15 U.S.C.§ 687(c). SBA duly promulgated such regulations which are set forth at Title 13 of the Code of Federal Regulations, Part 107 (hereinafter the "Regulations").

2

6. An SBIC is a corporation, limited liability company, or a limited partnership organized solely for the purpose of performing the functions and conducting the activities contemplated under the Act. 15 U.S.C. § 681(a). SBA is responsible for licensing SBICs. 15 U.S.C. § 681(c).

7. An SBIC has the authority to borrow money, issue securities, promissory notes, or other obligations under such conditions and limitations as regulated by SBA. SBA is authorized to provide Leverage to SBICs through the purchase, or guarantee of payment, of debentures or participating securities issued by SBICs. 15 U.S.C. §§ 683(a) and (b).

8. Leverage provided to an SBIC in the form of Participating Securities is subject to the Regulations, including but not limited to the provisions of 13 C.F.R. §§ 107.1820-1850 and § 107.507. Section 107.1830 of the Regulations sets forth the maximum amount of capital impairment that an SBIC licensee may have based on the percentage of equity capital investments in its portfolio and its ration of outstanding leverage to leverageable capital.

9. If an SBIC violates, or fails to comply with, any of the provisions of the Act or Regulations, all of its rights, privileges, and franchises may be forfeited and the company may be declared dissolved. 15 U.S.C. § 687(d).

10. Section 311 of the Act provides that if SBA determines that an SBIC licensee has engaged, or is about to engage, in any acts or practices which constitute, or will constitute, a violation of the Act or Regulations, the SBA may seek, from the appropriate United States District Court, an order enjoining such act or practices, and upon a showing by the SBA that such licensee has engaged, or is about to engage, in any such act or

3

practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. In addition, the Court is authorized to appoint SBA to act as receiver for such licensee. 15 U.S.C. § 687c.

## STATEMENT OF FACTS

11. Avalon was licensed by SBA as a Small Business Investment Company ("SBIC" or "licensee") pursuant to Section 301 of the Act, 15 U.S.C. § 681, on September 20, 2000, SBA License No. 02/72-0601, solely to do business under the provisions of the Act and regulations promulgated thereunder.

12. Avalon Equity Partners LLC, is the general partner of Avalon.

13. Avalon's Agreement of Limited Partnership ("ALP"), submitted to SBA by Avalon, expressly provides that Avalon is being organized solely for the purpose of operating as a small business investment company under the Act and the operations of the Partnership and the actions taken by the Partnership and the Partners shall be conducted in compliance with the Act.

14. In accordance with Section 303 of the Act, 15 U.S.C. §683b, SBA provided Leverage to Avalon through the purchase of the following Participating Securities totaling $38,087,402.00:

| Certificate Number | Amount | Date | Rate of Prioritized Payment |
|---|---|---|---|
| 02038651-00 | $ 592,402.00 | 2/01/11 | 6.640% |
| 02038652-09 | $ 1,000,000.00 | 2/01/11 | 6.640% |
| 02038653-07 | $ 4,000,000.00 | 2/01/11 | 6.640% |
| 02038654-05 | $ 3,355,000.00 | 8/01/11 | 6.344% |
| 02038655-03 | $ 1,700,000.00 | 8/01/11 | 6.344% |
| 02038656-01 | $ 1,265,000.00 | 8/01/11 | 6.344% |
| 02038657-10 | $ 750,000.00 | 8/01/11 | 6.344% |
| 02038658-08 | $ 1,500,000.00 | 2/01/12 | 6.030% |
| 02038659-06 | $ 700,000.00 | 2/01/11 | 6.030% |

| | | | |
|---|---|---|---|
| 02038660-09 | $ 2,300,000.00 | 2/01/12 | 6.030% |
| 02038661-07 | $   850,000.00 | 2/01/12 | 6.030% |
| 02038662-05 | $   500,000.00 | 2/01/12 | 6.030% |
| 02038663-03 | $ 1,050,000.00 | 8/01/12 | 5.199% |
| 02038664-01 | $ 2,000,000.00 | 8/01/13 | 5.136% |
| 02038665-10 | $   600,000.00 | 2/01/14 | 4.504% |
| 02038666-08 | $ 1,435,000.00 | 2/01/14 | 4.504% |
| 02038667-06 | $ 1,500,000.00 | 2/01/14 | 4.504% |
| 02038668-04 | $ 1,000,000.00 | 2/01/14 | 4.504% |
| 02038669-02 | $ 1,700,000.00 | 2/01/14 | 4.504% |
| 02038670-05 | $ 1,000,000.00 | 2/01/14 | 4.504% |
| 02038671-03 | $ 1,000,000.00 | 2/01/14 | 4.504% |
| 02038672-01 | $ 1,000,000.00 | 8/01/14 | 4.754% |
| 02038673-10 | $   500,000.00 | 8/01/14 | 4.754% |
| 02038674-08 | $   500,000.00 | 2/01/15 | 4.638% |
| 02038675-06 | $   500,000.00 | 2/01/15 | 4.638% |
| 02038676-04 | $   500,000.00 | 2/01/15 | 4.638% |
| 02038677-02 | $   500,000.00 | 2/01/15 | 4.638% |
| 02038678-00 | $   500,000.00 | 8/01/15 | 4.940% |
| 02038679-09 | $   500,000.00 | 8/01/15 | 4.940% |
| 02038680-01 | $   500,000.00 | 8/01/15 | 4.940% |
| 02038681-10 | $   500,000.00 | 8/01/15 | 4.940% |
| 02038682-08 | $   750,000.00 | 8/01/15 | 4.940% |
| 02038683-06 | $ 1,665,000.00 | 2/01/16 | 5.408% |
| 02064751-07 | $   375,000.00 | 2/01/17 | 5.459% |

(hereinafter referred to collectively as the "Participating Securities"). The principal amount of the participating securities purchased by SBA totals $38,087,402.00

15. Compliance with the terms of the Leverage provided by SBA required that Avalon not have a condition of Capital Impairment, as that term is defined under the Regulations, 13 C.F.R. § 107.1830, which provides that a Licensee such as Defendant has a condition of Capital Impairment if its Capital Impairment percentage exceeds sixty percent (60%).

16. Based upon Avalon's financial statements as of June 30, 2007, SBA determined that Avalon had a condition of Capital Impairment as its Capital Impairment percentage exceeded 61%. By letter dated August 31, 2007, (the "Notice of Violation"),

5

SBA informed Avalon that it had a condition of Capital Impairment in violation of SBA's regulations as its capital impairment percentage had increased to 61.09%. SBA directed Defendant to cure its condition of Capital Impairment within 15 days. In the Notice of Violation, SBA further informed Avalon that it would be placed in restricted operations and that SBA would implement the available remedies if it failed to cure its condition of Capital Impairment within the period specified by SBA.

17. Even in restricted operations, Avalon failed to cure its condition of Capital Impairment. By letter dated October 23, 2007, SBA informed the Defendant that it had been placed in liquidation status.

18. Based upon the Annual Financial Report submitted by Avalon for the fiscal year ending December 31, 2007 and the resulting Preliminary Capital Impairment Worksheet, SBA determined that Defendant's condition of Capital Impairment continued to worsen as its Capital Impairment percentage exceeded one hundred thirty four percent (134.37%)..

19. Avalon continues to have and has failed to cure its condition of Capital Impairment is a violation of the Regulations, 13 C.F.R. § 107.1830.

20. Avalon's condition of Capital Impairment constitutes non-compliance with the terms of its Leverage under 13 C.F.R. § 107.1830(b) and is a violation of the Regulations, 13 C.F.R. § 107.507(a), for nonperformance of the terms of its Participating Securities. These continuing violations of the Regulations and Act entitle SBA to the remedies thereunder.

21. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the

Regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

22. Section 311 of the Act, 15 U.S.C. § 687c, provides that, whenever in the judgment of SBA, a Licensee, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and shall grant permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee.

## COUNT ONE

### Violation of SBA Regulations

### 13 C.F.R. §§ 107.1830(b) and 507(a)

23. Paragraphs 1 through 22 are incorporated herein by reference.

24. Avalon has an uncured condition of Capital Impairment as that term is defined under the Regulations, 13 C.F.R. § 107.1830(c), which provides that a Licensee such as Defendant has a condition of Capital Impairment if its Capital Impairment percentage exceeds sixty percent (60%).

25. Based upon Avalon's financial information as submitted to SBA by Avalon, SBA determined that Avalon's Capital Impairment is in excess one hundred and thirty-four percent (134%).

7

26. SBA has determined that Avalon has an uncured condition of Capital Impairment as that term is defined under the Regulations.

27. SBA has determined that Avalon is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment.

28. SBA has determined that Avalon is in violation of the Regulations, 13 C.F.R. § 107.1830 (b) and 507(a).

29. As a consequence of Defendant's continuing violation of 13 C.F.R.§§ 107.1830 (b) and 507(a) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Avalon.

WHEREFORE, Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Avalon, its partners, managers, officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of Avalon's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of Avalon, wherever located; or (3) further violating the Act or the Regulations promulgated thereunder;

B. That this Court determines and adjudicates Avalon's noncompliance with the requirements of the Participating Securities and noncompliance and violation of the Act and the Regulations promulgated thereunder;

C. That this Court take exclusive jurisdiction of Avalon, and all of its assets, wherever located and appoint SBA as permanent receiver of Avalon for the purpose of liquidating all of Avalon's assets and satisfying the claims of its legitimate creditors

therefrom in the order of priority as determined by this Court, and pursuing causes of action available to Avalon, as appropriate.

D.   That this Court orders that Avalon's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof.

E.   That this Court grants such other and further relief as may be deemed just and proper.

Respectfully submitted,

BENTON J. CAMPBELL
UNITED STATES ATTORNEY

Dated: August 15, 2008   By: _____
William Young
Special Assistant United States Attorney
Office of the United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
Telephone:   (718) 254-6057
Facsimile:   (718) 254-8702

U.S. SMALL BUSINESS ADMINISTRATION

Dated: August 15, 2008   By: _____
Arlene P. Messinger
arlene.messingerlerner@sba.gov
Assistant General Counsel for SBIC Enforcement
U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
Telephone:   (202) 205-6857
Facsimile:   (202) 481-0325



**U. S. SMALL BUSINESS ADMINISTRATION**
RECEIVER FOR AVALON EQUITY FUND, L.P.
409 THIRD STREET, S.W., 6TH FLOOR
WASHINGTON, D.C. 20416

WRITER'S DIRECT TELEPHONE: (202) 205-7514                    FAX NUMBER: (202) 205-6957

August 28, 2008

Mr. Peter T. Dalleo, Clerk of the Court                VIA UPS 2ND DAY DELIVERY
U.S. District Court, District of Delaware
844 North King Street, Lockbox 18
Wilmington, DE 19801-3570

                                                                                                  **U. S. DISTRICT COURT - DE**

Re:    United States of American v. Avalon Equity Fund, L.P.   **MISC. CASE # 08-171**
         Civil Case No. 08-CIV-7287 Judge Leisure

Dear Mr. Dalleo:

This is to advise you that, in accordance with 15 U.S.C. § 687c, the U.S. District Court for the Southern District of New York, has taken exclusive jurisdiction of Avalon Equity Fund, L.P. ("Avalon") and the assets thereof, and has appointed the U.S. Small Business Administration ("SBA"), an agency of the federal government, as the Receiver.

A portion of the property of Avalon may be located in your jurisdiction. We therefore are enclosing for filing, copies of the Complaint and Order establishing the Receivership, as required by 28 U.S.C. § 754. Please open as a miscellaneous case filing.

The United States District Court, in an order appointing SBA Receiver for Avalon, stayed all legal proceedings involving Avalon, and prohibited the filing of any actions against the Receiver unless permission of the Court is first obtained.

The Receiver is in the process of ascertaining what and where legal proceedings pertaining to Avalon are pending. Should the Receiver learn of relevant legal proceedings within the jurisdiction of your Court, the Receiver will promptly notify you thereof.

We also have enclosed extra copies of the Order and Complaint, which we request that you stamp file and return in the enclosed self-addressed stamped envelope.

Sincerely,

By: _Michele Longpittman_
Michele L. Pittman
Chief, Corporate Liquidation and Receivership Operations
Office of Liquidation